IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-118-BO

| | |
|---|---|
| THELMA MARIE ALSTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ORDER ) |
| J.A. PRIVETTE, et al., | ) ) |
| Defendants. | ) ) |

This matter comes before the Court on defendants' motion for an award of attorneys' fees [DE 32], as well as plaintiff's motions for an extension of time [DE 38] and leave to file a supplemental response [DE 39]. The motions have been fully briefed and are ripe for disposition. For the reasons discussed below, defendants' motion for an award of attorneys' fees [DE 32] is DENIED and plaintiff's motion for an extension of time [DE 38] and motion for leave to file a supplemental response [DE 39] are GRANTED.

BACKGROUND

The Court dispenses with recitation of the case and adopts, as if fully set forth herein, the factual and procedural background that the Court provided in its order on September 25, 2018. [DE 30].

In October 2018, plaintiff appealed this Court's dismissal of her complaint. [DE 34]. The Fourth Circuit dismissed plaintiff's appeal for failure to prosecute. [DE 43]. Mandate issued on March 4, 2019. [DE 44]. In October 2018, defendants moved for an award of attorneys' fees in the amount of $60,062.50 under 42 U.S.C. § 1988. [DE 32]. Plaintiff filed a response in opposition as well as two other motions, requesting an extension of time to file her response and leave to file a supplement to her response. [DE 37–39].

## DISCUSSION

At the outset, for good cause shown, plaintiff's motion for an extension of time and motion for leave to file a supplemental response are granted. Plaintiff's response in opposition to defendant's motion for an award of attorneys' fees is, therefore, treated as timely.

First, defendants argue that an award of attorneys' fees is justified by 42 U.S.C. § 1988. Section 1988 authorizes the prevailing party in any civil rights action, including an action under Section 1983, to recover reasonable attorneys' fees. While defendants and plaintiffs alike are entitled to an award of fees under the statute, the standard for recovery by a defendant differs from the standard for a plaintiff. *Lotz Realty Co. v. U.S. Dep't of Housing and Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983). To recover, a defendant must show that the plaintiff's claim was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Id.*; *see also Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). The defendant need not demonstrate that the plaintiff acted in bad faith, as a showing that the plaintiff's action was meritless, groundless, or without foundation will suffice. *DeBauche v. Trani*, 191 F.3d 499, 510 (4th Cir. 1999). As the Fourth Circuit has further explained:

> [T]he mere fact that a civil rights plaintiff lost her case does not render her claim frivolous, unreasonable, or groundless. . . . The purpose of distinguishing between a fee award being made to a successful plaintiff, on the one hand, and such an award being made to a prevailing defendant, on the other, arises out of the legitimate concern for the "chilling effect" that the latter type of award would have on potential civil rights plaintiffs—and their lawyers—in deciding whether to initiate lawsuits. *See Lotz*, 717 F.2d at 932. We have explained, however, that "[w]hen a court imposes fees on a plaintiff who has pressed a 'frivolous' claim, it chills nothing that is worth encouraging." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993).

*Unus v. Kane*, 565 F.3d 103, 127 (4th Cir. 2009). Therefore, in determining whether to award attorneys' fees to defendants, the Court must decide whether plaintiff's claim was frivolous,

unreasonable, or groundless, or whether plaintiff continued to litigate after it became clear that his claim was frivolous, unreasonable, or groundless.

In its discretion, the Court finds that no award of attorneys' fees is justified in this matter. Plaintiff brought a variety of claims arising from her arrest and termination from her housekeeping job on the suspicion that she had stolen a hospital patient's Kindle e-reader. In dismissing these claims, the Court found that plaintiff had either failed to bring her claims within the applicable statute of limitations or had failed to state claims upon which relief could be granted. Plaintiff noticed an appeal of the dismissal of her claims but that appeal was dismissed for failure to prosecute. But plaintiff's claims were not objectively frivolous, unreasonable, or groundless under *Lotz*. Indeed, it is possible that but for plaintiff's days-late filing of her complaint, she had alleged sufficient facts to state civil rights claims upon which relief could have been granted. And even as to the timeliness issue, plaintiff reasonably—but still erroneously—argued that she had complied with the applicable statute of limitations. As such, defendants are not entitled to an award of attorneys' fees under 42 U.S.C. § 1988.

Defendants also argue that they should be awarded reasonable attorneys' fees under N.C. Gen. Stat. § 6-21.5. The statute provides that "[i]n any civil action . . . the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading." N.C. Gen. Stat. § 6-21.5. A losing party's pleadings reflect "a complete absence of a justiciable issue" when it "conclusively appear[s] that such issues are absent even giving the losing party's pleadings the indulgent treatment which they receive on motions for summary judgment or to dismiss." *Sprouse v. N. River Ins. Co.*, 344 S.E.2d 555, 565 (N.C. Ct. App. 1986). Additionally, the plaintiff must have been reasonably aware that, at the time the

complaint was filed, it contained no justiciable issue, or the plaintiff must have continued pursuing the matter once she discovered that the complaint contained no justiciable issues. *Brooks v. Giesey*, 432 S.E.2d 339, 342–43 (N.C. 1993).

No award of attorneys' fees is merited under N.C. Gen. Stat. § 6-21.5. Plaintiff's complaint did not reflect a "complete absence of a justiciable issue," because, as referenced above, had the claims been timely asserted it is possible that they would have survived dismissal. Plaintiff had made a *prima facie* showing as to at least some of her civil rights claims. Accordingly, in its discretion, the Court finds that no award of attorneys' fees is justified. Defendants' motion for an award of attorneys' fees must be denied.

## CONCLUSION

For the above reasons, defendants' motion for an award of attorneys' fees [DE 32] is DENIED and plaintiff's motion for an extension of time [DE 38] and motion for leave to file a supplemental response [DE 39] are GRANTED.

SO ORDERED, this 18 day of March, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE